## UNITED STATES v. HALLOCK.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF FLORIDA.

No. 113. Submitted January 25, 1864. — Decided February 8, 1864.

A French vessel leaving France for New Orleans in May, 1861, with knowledge of the blockade, and obtaining full knowledge of the same at the Bahamas, continued its voyage and attempted to enter that port. *Held*, that it was subject to capture, and that so much of the cargo as belonged to citizens of New Orleans was subject to condemnation as enemy's property, and so much as belonged to citizens of New York to condemnation for illicit trading with the enemy.

THE case is stated in the opinion.

MR. JUSTICE GRIER delivered the opinion of the court.

The questions which affect the decision of this case have all been before this court in the "prize cases" decided at last term, and reported in 2 Black, 665.

On the 7th of July, 1861, the bark Pilgrim was attempting to enter the port of New Orleans, but ran aground in the night near Pass à l'Outre and was captured by the blockading vessels of the United States.

She had left Bordeaux, in France, about the 8th of May, after the news of the blockade of the southern ports had reached that place, and the American Consul would give no more papers to vessels bound for southern ports. In passing the Bahamas she had full information of the blockade. The master persisted, however, to continue his voyage and attempt to enter the port of New Orleans, till arrested by the blockading ships.

The cargo was consigned to owners in New Orleans. Two·

thirds of the vessel belonged to citizens of New Orleans, the other third to the master and another, citizens of New York and Connecticut. The cargo and two-thirds of the vessel were liable to confiscation as "enemy's property," and the remainder for illicit trading with the enemy.

The decree of the court below is therefore reversed, and record remitted with directions to enter a decree in conformity to this opinion.                                                 *Reversed.*

*Mr. Attorney General* and *Mr. Charles Eames* for the appellants.